# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR HERNANDEZ, JR. and WENDY CUEVAS,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br>FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 10cv00119 BTM(WVG)<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Defendant First American Loanstar Trustee Services ("Loanstar") and Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, N.A. ("HSBC"), have filed motions to dismiss Plaintiffs' Complaint for failure to stat a claim. For the reasons discussed below, Defendants' motions are **GRANTED**.

## I. BACKGROUND

Plaintiffs commenced this action in the Superior Court of California, County of San Diego. On January 15, 2010, Defendants removed the action to federal court.

On or about February 15, 2007, Plaintiffs obtained a loan from Wells Fargo in the principal amount of $448,000, secured by real property located at 1551 Masterson Lane, San Diego, CA 92154 (the "Property"). (Ex. G to Compl.) On June 10, 2009, Loanstar recorded a Notice of Default. (Ex. D to Compl.) On July 16, 2009, Wells Fargo recorded a

Substitution of Trustee that substituted Loanstar as the Trustee in lieu of Fidelity National Title Insurance Company. (Loanstar RJN, Ex. A.) On July 23, 2009, the Deed of Trust was assigned by Wells Fargo to HSBC Bank USA National Association as Trustee for Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-6. (Loanstar RJN, Ex. B.)

On September 11, 2009, Loanstar recorded a Notice of Trustee's Sale. (Ex. A to Compl.) On October 1, 2009, Loanstar conducted a trustee sale of the Property. HSBC was the successful purchaser, and Loanstar recorded a Trustee's Deed Upon Sale in favor of HSBC. (Ex. C to Compl.)

## II. **STANDARD ON MOTION TO DISMISS**

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

## III. **DISCUSSION**

In their Complaint, Plaintiffs assert the following causes of action: (1) claim to set

1  aside trustee's sale; (2) claim to cancel trustee's deed; (3) lack of standing; (4) negligence
2  per se - violation of Cal. Bus. & Prof. Code § 17500 (against Wells Fargo only); (5)
3  negligence per se - violations of the Home Ownership Equity Protection Act ("HOEPA"), 15
4  U.S.C. § 1602, et seq. (against Wells Fargo only); (6) negligence per se - violation of Cal.
5  Civil Code § 2924b (against Loanstar and Wells Fargo only); (7) negligence per se - violation
6  of Cal. Fin. Code § 4973(f)(1) (against Wells Fargo only); (8) negligence per se-violation of
7  the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. and Regulation Z (against Wells
8  Fargo only); (9) negligent lending (against Wells Fargo only); (10) quiet title; and (11)
9  injunctive relief. Defendants contend that Plaintiffs' Complaint should be dismissed for failure
10 to state a claim. The Court agrees with Defendants.

A. Claims to Set Aside Sale, Cancel Trustee's Deed, and Quiet Title

Plaintiffs seek to set aside the sale of the Property, cancel the Trustee's Deed Upon Sale in favor of HSBC, and quiet title. These claims fail because Plaintiffs have not alleged that they tendered the amounts owing under the loan.

Under California law, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 577 (1984). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971). The reason for this requirement is that a court of equity will not use its remedial power to accomplish a futile act that has no beneficial purpose. Id. at 117-18.

Plaintiffs do not allege that they have tendered the amounts due under the loan. Therefore, Plaintiffs cannot bring a claim to set aside the trustee's sale or to quiet title. See Manown v. Cal-Western Reconveyance Corp., 2009 WL 2406335, * 6 (S.D. Cal. Aug. 4, 2009).

B. <u>Standing</u>

Plaintiffs claim that Defendants lacked standing to take any action on the note or to initiate the foreclosure proceedings because they have not produced the "Original Promissory Note."

Plaintiffs' theory that the original note must be produced lacks merit.

California Civil Code §§ 2924-2924k provide a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." <u>Moeller v. Lien</u>, 25 Cal. App. 4th 822, 830 (1994). Within this framework, nonjudicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of default with the office of the recorder. Cal. Civ. Code § 2924(a)(1). No less than three months after the filing of the notice of default, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take the sale." Cal. Civ. Code § 2924(a)(3). There is absolutely no requirement that the original note be in possession of or produced by the party filing the notice of default or giving the notice of sale.

Therefore, this claim is dismissed for failure to state a claim.

C. <u>Negligence Per Se - Statutory Claims</u>

Plaintiffs have not stated a valid claim under any of the California or federal statutes referenced in the Complaint.

    1. <u>Cal. Bus. & Prof. Code § 17500</u>

Plaintiffs claim that Wells Fargo violated Cal. Bus. & Prof. Code § 17500 by (1) telling Plaintiffs they were getting a typical 30 year fixed-rate loan for the purchase of the Property when they actually received a loan with interest-only payments for the first 15 years; and (2) giving Plaintiffs a "Stated Income Loan" so that Plaintiff's income could be inflated without documentation to support the borrowed amount, without regard to future ability to pay.

Cal. Bus & Prof. Code § 17500 makes it illegal for anyone to engage in false or

deceptive advertising. To state a cause of action under this statute, the plaintiff must demonstrate that members of the public are likely to be deceived. <u>Wayne v. Staples, Inc.</u>, 135 Cal. App. 4th 466, 484 (2006). Allegations of fraudulent conduct alleged in support of a plaintiff's § 17500 claim must satisfy the heightened pleading requirements of Rule 9(b). <u>Labra v. Cal-Western Reconveyance Corp.</u>, 2010 WL 889537 (N.D. Cal. March 11, 2010).

Plaintiffs have not alleged facts showing that Wells Fargo engaged in deceptive advertising or otherwise made statements likely to deceive the public. Furthermore Plaintiffs have not pled fraud with specificity. Plaintiffs do not detail what statements were made to Plaintiffs, who made the statements, when the statements were made, and whether the statements were in writing. In the Complaint, Plaintiffs reference a "Commitment Letter" which states that the loan is a "30 year fixed rate first mortgage loan." (Ex. H to Compl.) However, the letter also indicates that the "amortization type" is an "interest only payment," and the second page specifies that Plaintiffs will make 180 "interest-only" payments of $2,380.00. It is unclear whether Plaintiffs are relying on other representations made by Wells Fargo.

Accordingly, Plaintiffs have failed to state a claim for violation of Cal. Bus. & Prof. Code § 17500.

### 2. HOEPA and TILA Violations

Plaintiffs allege that Wells Fargo violated the HOEPA and TILA by failing to disclose until the time of signing that they were getting an "interest only" loan that was based on "stated income." Plaintiffs also allege that the final Truth-in-Lending Disclosure was not provided to them at any time. (Compl. ¶ 58.)

Setting aside the fact that it appears that Plaintiffs were informed about the interest-only nature of the loan, these claims are barred by the applicable one-year statute of limitations. TILA and HOEPA claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Based on the allegations of the Complaint there is no basis for equitable tolling of the statute of limitations. Plaintiffs admit that they

*knew at the time of signing* about the true nature of their loan, but it was "too late" to change course "because the Plaintiffs had no time to find another lender and compare, or they would lose out the property they really wanted after an exhaustive search that would meet their lifestyles." (Compl. ¶ 59.) Furthermore, Plaintiffs allege that they did not get the final truth-in-lending disclosure at all, not that certain terms were incorrect and they had no reason to know until a future time.

The alleged violations occurred at the time of closing, in or about February 2007. Plaintiffs did not bring this action until November 16, 2009. Therefore, Plaintiffs' HOEPA and TILA claims are time-barred.

### 3. Cal. Civ. Code § 2924b

Plaintiffs allege that Loanstar and Wells Fargo violated Cal. Civil Code § 2924b because the Notice of Default did not specify whether the amount owing on the loan was for "principal, interest, or something else."

However, no part of Cal. Civil Code § 2924b requires that the notice of default separate the amount owed into principal and interest. Cal. Civ. Code § 2924c actually provides the form for notices of default. This form, which was utilized in this case, provides in relevant part, "[Y]ou may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account . . . . This amount is _____ as of _____." Section 2924c does not require that the amount owed be divided into principal and interest. Therefore, Plaintiffs have not pled a violation of California law governing notices of default.

### 4. Cal. Financial Code § 4973(f)(1)

Plaintiffs allege that Wells Fargo violated Cal. Fin. Code § 4973(f)(1) by failing to ensure that Plaintiffs would be able to make the scheduled payments based upon their current and expected income, obligations, employment status, and other financial resources.

However, Plaintiffs have failed to allege facts establishing that Cal. Fin. Code § 4973 is applicable.  Section 4973 prohibits certain acts in connection with "covered loans," which are defined as follows:

> (b) "Covered loan" means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
>
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Cal. Fin. Code § 4970.

Plaintiffs do not allege that the annual percentage rate at consummation of the loans exceeded the Treasury securities rate by more than eight percentage points or that the total points and fees paid by Plaintiffs at or before closing exceeded six percent of the total loan amount.  Therefore, Plaintiffs have failed to state a claim under  Cal. Fin. Code § 4973(f).

D.  <u>Negligent Lending</u>

Plaintiffs allege that Wells Fargo negligently created the loan on a stated loan basis, putting Plaintiffs at risk of not being able to make payments in the future and losing their property.  However, Wells Fargo did not owe a general duty of care to Plaintiffs independent of its obligation to comply with all applicable laws and regulations and to perform under the loan agreement.  See, e.g., <u>Castaneda v. Saxon Mortg. Services, Inc.</u>, __F. Supp. 2d __, 2009 WL 4640673 (E.D. Cal. Dec. 3, 2009) (holding that no duties arose from loan transaction outside of those in the agreement and that lender did not owe a duty of care to plaintiffs); <u>Labra</u>, 2010 WL 889537 at * 12 ("Lenders and loan servicers owe no duty to a borrower other than as expressly agreed to in the promissory note, deed of trust, and foreclosure statutes.").

E.  <u>Accounting</u>

Plaintiffs seek an accounting because "the amount of money still owed to defendant WELLS FARGO is unknown to Plaintiffs and cannot be determined without an accounting." (Compl. ¶ 98.)  However, Plaintiffs, as the party owing money, not the party owed money, has no right to seek an accounting.  A suit for an accounting lies where an action is *for* an amount which is unliquidated and unascertained.  <u>St. James Church of Christ Holiness v. Superior Court In and For Los Angeles County</u>, 135 Cal. App. 2d 352, 359 (1955).  Since Plaintiffs are seeking an accounting for amounts they allegedly *owe*, the Court dismisses Plaintiffs' claim.  <u>See</u> <u>Nguyen v. LaSalle Bank Nat. Ass'n</u>, 2009 WL 3297269, * 11 (C.D. Cal. Oct. 13, 2009) (dismissing plaintiffs claim for accounting of amounts due on their loan).

F.  <u>Injunctive Relief</u>

Plaintiffs seek an injunction that prohibits Defendants from seeking payment from Plaintiffs on the loans and prohibits HSBC from evicting Plaintiffs.  However, injunctive relief is a remedy, not a separate cause of action.  <u>Cox Communications PCS, L.P. v. City of San Marcos</u>, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002).  Because Plaintiffs' underlying causes of action have failed to state a claim, Plaintiffs' claim for injunctive relief is dismissed as well.

### IV.  <u>CONCLUSION</u>

For the reasons discussed above, Defendants' motions to dismiss are **GRANTED**. Plaintiffs' Complaint is **DISMISSED** for failure to state a claim.  Although the Court has doubts that Plaintiffs can state a valid claim, the Court will grant Plaintiffs leave to file an amended complaint. If Plaintiffs choose to file an amended complaint, they must do so within 14 days of the filing of this Order.  Failure to do so will result in the entry of judgment dismissing the case.

**IT IS SO ORDERED.**

DATED: April 12, 2010

Honorable Barry Ted Moskowitz
United States District Judge